IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

U. S. FOODSERVICE, INC.,

        Plaintiff,

v.                                      CIVIL ACTION NO.  3:10-cv-00183

TIMOTHY DONAHUE, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the plaintiff's Motion for Appointment of Special Commissioner [Docket 31].  The motion is **GRANTED**.  The court hereby **APPOINTS** Magistrate Judge Cheryl A. Eifert to serve as a commissioner over this matter.

The plaintiff, U.S. Foodservice, Inc., brought this lawsuit against the defendants, Timothy Donahue and Barbara Donahue.  Following the defendants' default, judgment was entered in favor of the plaintiff on July 13, 2010 [Docket 23].  The plaintiff then applied for a writ of execution as to both defendants.  The Clerk issued a writ of execution as to Barbara Donahue on October 12, 2010 [Docket 28], which was served by the U.S. Marshal on October 28, 2010.  A writ of execution as to Timothy Donahue was issued by the Clerk on October 15, 2010 [Docket 30] and served by the Marshal on November 19, 2010.  Because the plaintiff has been unable to satisfy its judgment, however, it now seeks the appointment of a commissioner to conduct a proceeding in aid of execution pursuant to state and federal law.

Federal Rule of Civil Procedure 69(a) provides the general guidelines by which a money judgment is to be executed. Namely, the "procedure on execution — and in proceedings supplementary to and in aid of judgment or execution — must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1). Moreover, the judgment creditor "may obtain discovery from any person — including the judgment debtor — as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2).

Because there is no specific federal statute on point, West Virginia law applies. Under West Virginia law, a judgment creditor may institute interrogatory proceedings before a "commissioner in chancery" (simply a "commissioner" following the consolidation of law and equity) to enforce an existing judgment. *See* W. Va. Code § 38-5-1; *see also State ex rel. TermNet Merchant Servs., Inc. v. Jordan*, 619 S.E.2d 209, 214 (W. Va. 2005). The "required duties, responsibilities and authority of a commissioner acting in interrogatory proceedings are further developed in subsequent portions of Article 5." *TermNet*, 619 S.E. 2d at 214.

Although there is no "commissioner" in the federal judicial system, federal courts have ruled that a magistrate judge may serve in that role for purposes of conducting proceedings in aid of execution under West Virginia Code § 38-5-1. *See, e.g., Chicago Pneumatic Tool Co. v. Stonestreet*, 107 F.R.D. 674, 675 (S.D. W. Va. 1985); *Byron Originals, Inc. v. Iron Bay Model Co.*, No. 5:05-cv-82, 2006 WL 1004827, at *1 (N.D. W. Va. Apr. 12, 2006). As Chief Judge Haden observed in *Chicago Pneumatic Tool*, interrogatory proceedings essentially allow a commissioner "to join in the questioning during the deposition" of a judgment debtor, and the power to take depositions is specifically conferred on magistrate judges by 28 U.S.C. § 636(a)(3). Moreover, the Federal

Magistrate Act specifically provides that magistrate judges "may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States." 28 U.S.C. § 636(b)(3).

Accordingly, the court hereby **APPOINTS** Magistrate Judge Cheryl A. Eifert as a "commissioner" for purposes of conducting a proceeding pursuant to West Virginia Code § 38-5-1. Upon the plaintiff's ascertaining of a date and time that will be convenient to Magistrate Judge Eifert, the Clerk is **DIRECTED** to issue summonses, pursuant to Rule 4 of the Federal Rules of Civil Procedure, directing the defendants to appear at the specified date and time before Magistrate Judge Eifert. In conducting the proceeding in aid of execution, Magistrate Judge Eifert may enter any additional order pursuant to the Federal Rules of Civil Procedure or Chapter 38, Article 5 of the West Virginia Code.

The court **DIRECTS** the Clerk to send a certified copy of this Order to counsel of record and to any unrepresented party.

    ENTER:    December 3, 2010

Joseph R. Goodwin, Chief Judge